IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FREDDIE J. KELLY,

    Plaintiff,

v.                                                                          Civil No. 3:14-cv-00121-JAG

SUNTRUST BANK, EQUIFAX, EXPERIAN, and
TRANSUNION, et al.,

    Defendants.

**TRANS UNION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS**

Trans Union LLC ("Trans Union"), by counsel, files its Memorandum in Support of its Motion for Sanctions, and would show the Court as follows:

    **I.**     **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brought suit against Defendants SunTrust Bank ("SunTrust"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union," collectively "Defendants") for damages for alleged violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 3). More specifically, Plaintiff contends that three payments should not be reporting as late on his credit report although those payments were made thirty days or more past the due date. (Doc. 3). The parties participated in a Rule 26(f) conference by telephone on June 17, 2014. On June 18, 2014, all parties attended a Rule 16(b) telephone conference conducted by the Court, during which time the Court set discovery deadlines and the deadline for filing motions for summary judgment. The Court's Initial Pretrial Order, entered the same day, set the following key deadlines: Discovery Cutoff – July 15, 2014, and Motion for Summary Judgment – July 25, 2014. (Doc. 30). On June 25, 2014, the Court granted Defendant SunTrust Bank's Motion to Amend the Court's Initial Pretrial Order, extending the

1

Discovery deadline until July 29, 2014, and Motion for Summary Judgment deadline until August 8, 2014. (Doc. 38). Discovery requests were to be served such that responses would be served and received prior to the cutoff of discovery.

Trans Union served its Requests for Production and Interrogatories to the Plaintiff by mail on June 23, 2014, copies of which are referenced and incorporated herein as **Exhibit A.** Pursuant to Local Rule 26(C), Plaintiff's objections to any discovery requests were due on or before July 8, 2014. Plaintiff served no objections. Pursuant to Rules 33 and 34, Plaintiff's responses were due July 23, 2014, with three days added by virtue of Rule 6(d), for a deadline of July 28, 2014. Plaintiff failed to serve discovery responses on or before July 28, 2014.

## II. ARGUMENT AND AUTHORITIES

### A. MOTION FOR SANCTIONS UNDER RULE 37(C)

The Court should dismiss the Plaintiff's case because he failed to "provide information or identify a witness as required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1). In the event that a party fails to produce information and witnesses required by Federal Rule of Civil Procedure 26(a), Rule 37(c) provides that:

> **(c)** Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> **(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > **(B)** may inform the jury of the party's failure; and
> >
> > **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37.

The parties participated in a Rule 26(f) conference by telephone on June 17, 2014. Initial disclosures were due on or before July 1, 2014. All Defendants served their Initial Disclosures prior to the deadline. The Plaintiff has failed to serve any Rule 26(a) Disclosures or responses to Trans Union's written discovery to date. Plaintiff's failure to formally disclose any documents, witnesses, or damages should preclude him from being able to put on evidence in this case. Accordingly, if he cannot present evidence, he cannot sustain his burden of proof and the case should be dismissed in its entirety.

Dismissal of an action is within a court's sanction authority. *See, e.g., Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 450 (M.D.N.C. 2005). Plaintiff's failure to participate in discovery shows a clear record of delay and disregard of Plaintiff's responsibilities to the court.

Dismissal is the appropriate sanction in this case. The Plaintiff's failure has prevented Trans Union from obtaining any evidence about his case, including the identity of any witnesses, a calculation of his damages, or the production of any documents. The discovery period has expired. As such, the only appropriate remedy is dismissal.

**B.    IN THE ALTERNATIVE, REQUEST FOR AN ORDER PRECLUDING PLAINTIFF FROM INTRODUCING EVIDENCE**

In the alternative, the Court can impose sanctions in the form of prohibiting the Plaintiff to use any information or witness not disclosed to supply evidence on a motion, at a hearing, or at a trial. Trans Union requests the Court enter an Order precluding Plaintiff from using any information or witnesses to supply evidence on a motion, at a hearing, or at a trial since Plaintiff did not serve Initial Disclosures during the discovery period. Regardless of the reason, Plaintiff is precluded from introducing this information to supply evidence in this case. *See Norden v.*

*Samper*, 544 F. Supp. 2d 43, 49-50 (D.D.C. 2008) ("Rule 37(c)(1) is a self-executing sanction, and the motive or reason for the failure is irrelevant. It therefore is unnecessary to decide whether the [Plaintiff] acted in bad faith . . . or was simply sloppy in its search for relevant documents and in assisting its litigation counsel in responding to interrogatories.") (citing *Elion v. Jackson,* No. 05-0992, 2006 U.S. Dist. LEXIS 63854, at *2-3 (D.D.C. Sept. 8, 2006)). Because Plaintiff has produced no information or documents in response to any discovery, Trans Union would be prejudiced if the Court does not prohibit Plaintiff from relying on this information or witnesses in any summary judgment motion.

### C. IN THE ALTERNATIVE, MOTION TO EXTEND THE DISCOVERY AND DISPOSITIVE MOTION DEADLINE

If the Court is unwilling to dismiss this case or enter an order precluding Plaintiff from using any information or witnesses, as an alternative remedy Trans Union requests an extension of the discovery and dispositive motion deadlines. Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Trans Union has been working diligently to complete discovery and meet the Court's expedited deadlines, however, due to Plaintiff's failure to cooperate in discovery, additional time is needed to complete discovery. Additional documents, such as the relevant policies between SunTrust and Plaintiff and documents regarding Plaintiff's alleged damages and claims, are required before Trans Union can proceed with summary judgment motions. Trans Union contends that this case can be decided on dispositive motions, but in order to obtain all documents to prepare and file a complete Motion for Summary Judgment, Trans Union requests an additional 45 days to complete discovery and file summary judgment motions.

Trans Union is able to establish that good cause exists to extend the discovery and dispositive motion deadlines because it has been unable to obtain critical documents necessary to

file summary judgment motion. Further, amending the Scheduling Order to expand the deadline for discovery and summary judgment motions will not prejudice any of the parties. The requested extensions are not sought for the purposes of delay; rather, they are being sought because, despite Trans Union's diligent efforts. Accordingly, Trans Union seeks an extension of 60 days of the discovery and summary judgment deadlines. Further, Trans Union seeks an Order from the Court requiring Plaintiff respond to all outstanding discovery requests and initial disclosures within seven (7) days from the Court's Order.

WHEREFORE, PREMISES CONSIDERED, Trans Union respectfully requests that the Court dismiss this case in its entirety because Plaintiff has failed to provide any information or witnesses relating to his claims against Defendants.

## **WARNING TO PLAINTIFF**

(1) You are entitled to file a response opposing the Motion. Any such response must be filed within twenty-one (21) days of the date on which this Motion is filed; and

(2) The court could dismiss this action on the basis of Defendants' Motion if you do not file a response; and

(3) You must identify all facts stated by Defendants with which you disagree and you must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4) You are entitled to file a legal brief in opposition to the one filed by Defendants.

Respectfully submitted,

/s/ Michael R. Ward
Michael R. Ward
Virginia Bar Number 41133
Morris & Morris, P.C.
P.O. Box 30
Richmond, VA 23218-0030
Telephone: (804) 344-8300
Fax: (804) 344-8359
mward@morrismorris.com
and
Alyson V. Blatney
Admitted *pro hac vice*
Texas Bar No. 24066249
Strasburger & Price LLP
2801 Network Blvd, Suite 600
Frisco, Texas 76034
Telephone: (469) 287-3964
Facsimile: (469) 305-4295
alyson.blatney@strasburger.com
***Counsel for Trans Union LLC***

## CERTIFICATE OF SERVICE

This is to certify that on July 29, 2014, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

| | |
|---|---|
| Terry Catherine Frank<br>Kaufman & Canoles, PC (Richmond)<br>1021 E. Cary Street, Suite 1400<br>Two James Center<br>P.O. Box 27828<br>Richmond, VA 23219<br>Telephone: (804) 771-5745<br>Facsimile: (804) 771-5777<br>tcfrank@kaufcan.com<br>***Counsel for SunTrust Bank*** | John Willard Montgomery, Jr.<br>John W. Montgomery Jr. Attorney PLC<br>2116 Dabney Rd, Suite A-1<br>Richmond, VA 23230<br>Telephone: (804) 355-8744<br>Facsimile: 804-355-8748<br>jmontgomery@jwm-law.com<br>***Counsel for Equifax Information Services, LLC***<br><br>Joseph William Clark<br>Jones Day (DC)<br>51 Louisiana Ave NW<br>Washington, DC 20001<br>Telephone: 202-879-3939<br>Facsimile: 202-626-1700<br>jwclark@jonesday.com<br>***Counsel for Experian Information Solutions, Inc***. |

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Freddie J. Kelly
12801 Middlebrook Road
Chester, VA 23831
***Plaintiff Pro Se***

　　　　　　　　　　　　　　　　　　　　/s/ Michael R. Ward
　　　　　　　　　　　　　　　　　　　　Michael R. Ward
　　　　　　　　　　　　　　　　　　　　Virginia Bar Number 41133
　　　　　　　　　　　　　　　　　　　　Morris & Morris, P.C.
　　　　　　　　　　　　　　　　　　　　P.O. Box 30
　　　　　　　　　　　　　　　　　　　　Richmond, VA 23218-0030
　　　　　　　　　　　　　　　　　　　　Telephone: (804) 344-8300
　　　　　　　　　　　　　　　　　　　　Fax: (804) 344-8359
　　　　　　　　　　　　　　　　　　　　mward@morrismorris.com